# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Mark Reaves
24 Ionia Street
Springfield, MA 01109
Plaintiff

CIVIL ACTION

NO. _04-30125-MPN_

v.

Massachusetts Army National Guard,
Milford, Massachusetts

Raymond Vezina,
Milford, Massachusetts

Robert Jordan, MAJ
Milford, Massachusetts

Sellars, LTC
Milford, Massachusetts

Richard Nagle, MAJ
Milford, Massachusetts

Defendant

The above named plaintiff respectfully represents that:

## JURISDICTION

1. The jurisdiction of the court is predicated on 28 U.S.C. subsection 1331 and Title VII of the 1964 Civil Rights Act.

## CLAIMANT

2. The plaintiff is a resident of Springfield, Hampden County, Massachusetts and a citizen of the United States, with a post office address of 24 Ionia Street, Springfield, Massachusetts 01109.

3. The defendant is the Massachusetts Army National Guard located in 50 Maple Street, Milford Massachusetts.

Mag/Judge ¶#1 to
CF, PHf.

FACTS

4. The Massachusetts Army National Guard and some of its agents discriminated against the plaintiff on numerous occaisions during his duty as an employee and member of the Guard, during the time period 30 September 1996 through 25 November 1997.

a. Plaintiff joined the Massachusetts Army National Guard AGR service on 30 September 1996 after having served 12 years of Active Duty in the Regular Army and receiving an honorable discharge.

b. Plaintiff attended a conference with his National Guard unit on 17 October 1996 in Lexington, MA. There was a unit urinalysis which all members were supposed to be tested, however; this testing was selective. Plaintiff was not treated the same as other members in the unit during the testing process. Because he is a Black male, he was ordered to test without the required Commanders Briefing, proper documentation for tracking the sample, proper observation procedures or strict adherance to the regulations.

c. On 7 November 1996 the Massachusetts National Guard applied a "FLAG" (restriction) to plaintiff's record without notifying him. He was denied notification because he is a black male.

d. On 26 November 1996 Plaintiff was notified by his commander that his alleged sample was positive for a controlled substance. He was not notified until more than 30 days after the test results were know. This is in contrast to the immediate notification that is called for in the regulation. Plaintiff was denied this notification procedure because he is a black male.

e. Sometime in February 1997 plaintiff was vindicated of any wrong doing and the "FLAG" restriction was removed because he was sent to Recruiter School.

f. While attending Recruiting School in Little Rock, Arkansas, plaintiff was recognized for excellent academic achievement and leadership ability. He was ordered to perform duty as Class Leader over his peers. The Commandant of the school wrote a letter of commendation for his outstanding effort.

g. Upon returning from Recruiting School plaintiff was reissued already dismissed charges and subjected to an Administrative Discharge Board. This reissuing of charges was done because he is a black male.

h. Plaintiff appeared before the discharge board on 20 November 1997. It was at this time that plaintiff explained the regulatory deviations during testing and the fact that he did not use a controlled substance nor had any knowledge of how his alleged sample may have been tainted. The administrative board

ignored the fact that plaintiff did not use a controlled substance and further ignored the fact that the individual in charge of testing admitted to not having tested plaintiff according to regulatory guidlines. The Administrative board voted to discharge plaintiff with no substantive reason. Discharge is only warranted when there is knowing and wrongful use of a controlled substance. He was discharged because he is a black male.

i. On 25 November 1997 Massachusetts National Guard issued plaintiff a General Under Honorable Conditions discharge orders for Misconduct-Abuse of Illegal drugs. This discharge was not warranted because Massachusetts National Guard failed to prove knowing and wrongful use of a controlled substance. Plaintiff was discharged because he is a black male.

j. Plaintiff discovered sometime in 1998 that Massachusetts National Guard tested a similarly situated white female guard member. She tested positive for a controlled substance and subsequently admitted knowing and wrongful use. She was not discharged, and consequently she was allowed to stay in the guard. This disparate treatment was due to her race and gender.

## PRAYER FOR RELIEF

5. Plaintiff demands judgement against the Massachussetts Army National Guard as follows:

a. For all pay and allowances together with all benefits plaintiff may have been deprived of as a result of this illegal discharge, from the date of discharge to the date of judgement, including but not limited to reimbursement for medical insurance necessitated by cessation of coverage of him and his family, quarters allowance, ration allowance, accumulated leave pay, reimbursement for clothes, medical. Reimbursement for debt to military incurred as a result of early termination of contract.

b. Promotion to grade E-7 and E-8 concurrently and reinstatement into the Army National Guard.

c. For such other and further relief as the court may find to be just and proper.

6. Plaintiff demands trial by jury.

Respectfully Submitted

Mark Reaves
Pro Se, Plaintiff

EEOC Form 161 (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mark E. Reaves<br>195 Nagle Avenue<br>New York, NY 10034 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2000-00542 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

APR - 1 2004

Robert L. Sanders,
Director

(Date Mailed)

Enclosure(s)

cc: **MASS-C MA NATIONAL GUARD, C/O MILIT**
50 Maple Street
Milford, MA 01757

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --** **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.** Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit *before* 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# FACTS ABOUT FILING
## AN EMPLOYMENT DISCRIMINATION SUIT
### IN FEDERAL COURT IN STATE OF MASSACHUSETTS

ou have received a document which is the final determination or other final action of the Commission. This
nds our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide
hether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions
bout filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

ederal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the
espondent (employer, union, or employment agency) named in your charge. The appropriate court is the district
ourt which covers either the county where the respondent is located or the county where the alleged act of
liscrimination occurred. A law suit can be filed at the following U.S. District Court locations in Massachusetts.

- The **United States District Court for the District of Massachusetts** located at The John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, or by contacting the Clerk of the Court Office at (617) 748-9152

- The **United States District Court for the District of Massachusetts** located at Donohue Federal Building & Courthouse, 595 Main Street, Room 502, Worcester, MA 01608, by contacting the Clerk of the Court Office at (508) 929-9000

- The **United States District Court for the District of Massachusetts** located at the Federal Building & Courthouse, 1550 Main Street, Springfield, MA 01103, or by contacting the Clerk of the Court Office at (413) 785-0214

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit **must** be filed in U.S. District Court within **90 days** of the date you receive the enclosed final action. Once this 90-day period is over, unless you have filed suit, you will have lost your right to sue.

(Over)

Information Sheet (page 1 of 2)

# FACTS ABOUT FILING
## AN EMPLOYMENT DISCRIMINATION SUIT
## IN FEDERAL COURT IN STATE OF MASSACHUSETTS

ou have received a document which is the final determination or other final action of the Commission. This
nds our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide
/hether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions
bout filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

'ederal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the
espondent (employer, union, or employment agency) named in your charge. The appropriate court is the district
:ourt which covers either the county where the respondent is located or the county where the alleged act of
liscrimination occurred. A law suit can be filed at the following U.S. District Court locations in Massachusetts.

- The **United States District Court for the District of Massachusetts** located at The John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, or by contacting the Clerk of the Court Office at (617) 748-9152

- The **United States District Court for the District of Massachusetts** located at Donohue Federal Building & Courthouse, 595 Main Street, Room 502, Worcester, MA 01608, by contacting the Clerk of the Court Office at (508) 929-9000

- The **United States District Court for the District of Massachusetts** located at the Federal Building & Courthouse, 1550 Main Street, Springfield, MA 01103, or by contacting the Clerk of the Court Office at (413) 785-0214

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit **must** be filed in U.S. District Court within <u>90 days</u> of the date you receive the enclosed final action. Once this 90-day period is over, unless you have filed suit, you will have lost your right to sue.

(Over)