UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK REAVES,<br><br>      Plaintiff,<br><br>v.<br><br>MASSACHUSETTS ARMY NATIONAL GUARD, RAYMOND VEZINA, ROBERT JORDAN, THOMAS SELLARS, and RICHARD NAGEL,<br><br>      Defendants. | CIVIL ACTION NO. 04-30125-KPN |

**DEFENDANTS MANG'S AND VEZINA'S MOTION FOR LEAVE
TO FILE AND SERVE THEIR ANSWER TWO DAYS LATE**

Defendants Massachusetts Army National Guard ("MANG") and Raymond Vezina ("Vezina") – by and through the Attorney General of the Commonwealth of Massachusetts, their counsel – move, pursuant to FED. R. CIV. P. 6(b)(2), that the Court permit MANG and Vezina to file their answer, herewith, two days late.

As grounds for this motion, MANG and Vezina state the following:

1.      The extension for MANG and Vezina expired on Monday, June 27, 2005.

2.      On June 27, 2005, MANG and Vezina together with Robert Jordan ("Jordan"), Thomas Sellars ("Sellars"), and Richard Nagel ("Nagel") filed a motion to extend until July 27, 2005, the time period within which each of them may serve a pleading responsive to or a motion concerning the complaint.

3.      As grounds for that motion, the defendants stated that they appear to have common defenses, including the threshold matter of intra-military immunity. Jordan only became aware of this action last week, having been discharged from MANG on September 1, 2000, years before this action was filed. The United States Attorney's Office will not be representing Jordan, Sellars or Nagel. These three individuals have not formally requested representation by the Office of the Massachusetts Attorney General, but the undersigned received oral authorization to file that motion on their behalf. The undersigned was informed that Sellars is in the military service of the United States in Iraq and will not be returning to Massachusetts until July 12, 2005. The defendants asserted that the interests of judicial economy militate toward the Court having in front of it all defendants' pleading(s) responsive to or motion(s) concerning the complaint before proceeding further. The defendants also noted that plaintiff Mark Reaves filed this action on July 1, 2004, and thereafter sought extensions of time, until May 1, 2005, ten months later to serve the defendants (docket, papers nos. 3-5).

4.      Yesterday, June 28, 2005, this Court (Neiman, M.J.) allowed in part and denied in part the defendants' motion. The Court allowed the motion with regard Jordan, Sellars, and Nagel. The Court also denied the motion with regard to MANG and Vezina, ruling that "[h]aving been granted several extensions, the remaining defendants have had enough time to re[s]pond to the complaint." The undersigned received notice through an e-mail, dated June 28, 2005, and timed 3:06 P.M.

5.      The undersigned has been involved in dealing with issues concerning representation of Jordan, Sellars, and Nagel and believed, erroneously, that given that the defendants appear to have common defenses and undersigned may be representing all defendants, the interests of judicial

2

economy militated toward the Court having in front of it all defendants' pleading(s) responsive to or motion(s) concerning the complaint before proceeding further. The undersigned, although he had not finished his research, anticipated filing a single motion to dismiss on behalf of all defendants.

6. This motion is promptly being filed two days after the time period expired and the day after the undersigned received the Court's order.

7. MANG's and Vezina's answer accompanies this motion.

8. This is an extremely important matter in which Reaves is requesting that this Court order his reinstatement to MANG and his promotion as well as damages. The denial of MANG's and Vezina's motion apparently would result in their default apparently denying them an opportunity to respond to the factual and legal merits of this action.

9. MANG and Vezina have meritorious defenses. MANG and Vezina intend to assert that this action should be dismissed because employment discrimination claims by military personnel are nonjusticiable and individual supervisors are not proper Title VII defendants. *Feres v. United States*, 340 U.S. 135 (1950); *Chappell v. Wallace*, 462 U.S. 296 (1983); *United States v. Stanley*, 483 U.S. 669, 682-83 (1987); *Wright v. Park*, 5 F.3d 586 (1st Cir. 1993) (applying rationale of *Feres*, *Chappell*, and *Stanley* to hold that the doctrine of intra-military immunity bars claims of employment discrimination by members of the Massachusetts National Guard); *Overton v. New York State Division of Military and Naval Affairs*, 373 F.3d 83 (2nd Cir. 2004) (*Feres* doctrine prevents member of National Guard from challenging military decisions through Title VII action); *Horney v. Westfield Gage Co.*, 95 F. Supp. 2d 29, 33-36 (2000) (Neiman, M.J.) (holding that individual Title VII liability may not be imposed upon employees of employer who act in supervisory capacity); *Healy v. Henderson*, 275 F. Supp. 2d 40, 44-45 (D. Mass. 2003) (Tauro, J.) (same).

10. There is no prejudice to Reaves from the allowance of this motion, permitting MANG and Vezina to file their answer two days after the expiration of a time period that had been extended to June 27, 2005, with Reaves's assent. See LR. 7.1(A)(2) certification on *Defendants MANG's and Vezina's Third Motion to Enlarge Unexpired Time Period Within Which to Serve Pleading(s) Responsive to or Motion(s) Concerning the Complaint* (docket, paper no. 13); See LR. 7.1(A)(2) certification on Sellars's and Nagel's *Motion to Extend Time* (docket, paper no. 14).

## LR. 7.1(A)(2) CERTIFICATION

The undersigned certifies that on June 29, 2005, he conferred with Reaves by telephone in an attempt in good faith to resolve or narrow the issue. Reaves indicated that he did not assent to this motion.

## CONCLUSION

Wherefore, MANG and Vezina respectfully request that this Court allow this motion, permitting MANG and Vezina to file and serve their answer, herewith, two days late.

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

By: *(signature)*
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA  01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
B.B.O. No. 557768

DATED: June 29, 2005.

### CERTIFICATE OF SERVICE

I, James S. Whitcomb, Assistant Attorney General, hereby certify that on this 29th day of June, 2005, I served the foregoing *Defendants MANG's and Vezina's Motion for Leave to File and Serve Their Answer Two Days Late* by either mailing, by first class mail, postage prepaid, or by delivering – as indicated below – a true copy of the document to each of the following:

Mark Reaves, pro se
24 Ionia Street
Springfield, MA  01109
*(Mailed)*

Karen L. Goodwin, A.U.S.A.
1550 Main Street, Room 310
Springfield, MA  01103-1422
*(Delivered)*

*(signature)*
James S. Whitcomb

5