UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK REAVES,<br><br>      Plaintiff,<br><br>v.<br><br>MASSACHUSETTS ARMY NATIONAL GUARD, RAYMOND VEZINA, ROBERT JORDAN, THOMAS SELLARS, and RICHARD NAGEL,<br><br>      Defendants. | CIVIL ACTION NO. 04-30125-KPN |

## DEFENDANTS MANG'S AND VEZINA'S ANSWER

Defendants Massachusetts Army National Guard ("MANG") and Raymond Vezina – by and through the Attorney General of the Commonwealth of Massachusetts, their counsel – answer the indicated paragraphs of the complaint (docket, paper no. 1) filed by plaintiff Mark Reaves ("Reaves") as follows:

["JURISDICTION"]

1. The allegations contained in this paragraph are statements or conclusions of law to which MANG and Vezina are not required to respond.

["CLAIMANT"]

2. MANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. MANG and Vezina admit the allegations contained in this paragraph.

["FACTS"]

4.  MANG and Vezina admit the allegation, contained in this paragraph, that Reaves was a "member of the Guard, during the time period 30 September 1996 through 25 November 1997." To the extent that the remaining allegations contained in this paragraph may be construed to be statements or conclusions of law, MANG and Vezina are not required to respond to the allegations. To the extent that the remaining allegations contained in this paragraph may be construed to be factual allegations, MANG and Vezina deny the allegations.

   a.  MANG and Vezina deny the allegation, contained in this paragraph, that Reaves "served 12 years[.]" MANG and Vezina admit the remaining allegations contained in this paragraph.

   b.  MANG and Vezina admit the allegations contained in the first sentence of this paragraph. MANG and Vezina deny the allegations contained in the second and third sentences of this paragraph. To the extent that the allegations contained in the fourth sentence of this paragraph may be construed to be statements or conclusions of law, MANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the fourth sentence of this paragraph may be construed to be factual allegations, MANG and Vezina deny the allegations.

   c.  MANG and Vezina deny the allegations contained in this paragraph.

   d.  MANG and Vezina deny the allegation, contained in the first sentence of this paragraph, that it was Reaves's "alleged" sample that was positive for a controlled substance. MANG and Vezina admit the remaining allegations, contained in the first sentence of this paragraph, that "[o]n 26 November 1996 [Reaves] was notified by his commander that his . . . sample was positive for a controlled substance." MANG and Vezina deny the allegations contained in the second sentence of this paragraph. The allegations contained in the third sentence of this paragraph

are statements or conclusions of law to which MANG and Vezina are not required to respond. MANG and Vezina deny the allegations contained the fourth sentence of this paragraph.

  e. MANG and Vezina deny the allegations contained in this paragraph.

  f. MANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph

  g. MANG and Vezina admit the allegation, contained in the first sentence of this paragraph, that "[u]pon returning from Recruiting School [Reaves] was . . . subjected to an Administrative Discharge Board." MANG and Vezina deny the remaining allegations contained in the first sentence of this paragraph. MANG and Vezina deny the allegations contained in the second sentence of this paragraph.

  h. MANG and Vezina admit the allegations contained in the first sentence of this paragraph. MANG and Vezina deny the allegations contained in the second sentence of this paragraph. To the extent that the allegations contained in the third sentence of this paragraph may be construed to be statements or conclusions of law, MANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the third sentence of this paragraph may be construed to be factual allegations, MANG and Vezina deny the allegations. MANG and Vezina admit the allegation, contained in the fourth sentence of this paragraph, that "[t]he Administrative board voted to discharge [Reaves][.]" MANG and Vezina deny the remaining allegations contained in the fourth sentence of this paragraph. To the extent that the allegations contained in the fifth sentence of this paragraph may be construed to be statements or conclusions of law, MANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the fifth sentence of this paragraph may be construed to be factual

allegations, MANG and Vezina deny the allegations. MANG and Vezina deny the allegations contained in the sixth sentence of this paragraph.

    i.    MANG and Vezina admit the allegations contained in the first sentence of this paragraph. To the extent that the allegations contained in the second sentence of this paragraph may be construed to be statements or conclusions of law, MANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the second sentence of this paragraph may be construed to be factual allegations, MANG and Vezina deny the allegations. MANG and Vezina deny the allegations contained in the third sentence of this paragraph.

    j.    MANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and third sentences this paragraph. To the extent that the allegations contained in the fourth sentence of this paragraph may be construed to be statements or conclusions of law, MANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the fourth sentence of this paragraph may be construed to be factual allegations, MANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations.

["PRAYERS FOR RELIEF"]

5.    MANG and Vezina request that the Court deny this relief to Reaves.

    a.    MANG and Vezina request that the Court deny this relief to Reaves.

    b.    MANG and Vezina request that the Court deny this relief to Reaves.

    c.    MANG and Vezina request that the Court deny this relief to Reaves.

6.    MANG and Vezina request that the Court deny this relief to Reaves.

## AFFIRMATIVE DEFENSES

Further answering, MANG and Vezina assert the following affirmative defenses:

### First Affirmative Defense

The Court lacks jurisdiction over the subject matter of this action. FED. R. CIV. P. 12(b)(1) & 12(h)(3).

### Second Affirmative Defense

The complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

### Third Affirmative Defense

This action is barred by the doctrine of *Feres v. United States*, 340 U.S. 135 (1950) and its progeny.

### Fourth Affirmative Defense

This action is not justiciable.

### Fifth Affirmative Defense

MANG and Vezina are immune.

### Sixth Affirmative Defense

This action is barred by the Eleventh Amendment to the United States Constitution.

### Seventh Affirmative Defense

This action is barred by the statute of limitations.

### Eighth Affirmative Defense

This action is barred by laches.

### Ninth Affirmative Defense

Reaves has failed to exhaust his intra-military remedies.

### Tenth Affirmative Defense

Reaves has failed to exhaust his administrative remedies.

### MANG AND VEZINA CLAIM A TRIAL BY JURY ON ALL ISSUES.

### CONCLUSION

Wherefore, MANG and Vezina respectfully request that the Court (1) deny all relief to Reaves; (2) enter judgment in MANG's and Vezina's favor, dismissing with prejudice this civil action and awarding MANG and Vezina their respective costs incurred in defending this civil action; and (3) such other relief as this Court finds just and reasonable.

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

By: *James S. Whitcomb* (signature)
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
B.B.O. No. 557768

DATED: June 29, 2005.

**CERTIFICATE OF SERVICE**

    I, James S. Whitcomb, Assistant Attorney General, hereby certify that on this 29th day of June, 2005, I served the foregoing *Defendants MANG's and Vezina's Answer* by either mailing, by first class mail, postage prepaid, or delivering – as indicated below – a true copy of the document to each of the following:

| | |
|---|---|
| Mark Reaves, pro se | Karen L. Goodwin, A.U.S.A. |
| 24 Ionia Street | 1550 Main Street, Room 310 |
| Springfield, MA  01109 | Springfield, MA  01103-1422 |
| *(Mailing)* | *(Delivering)* |

                                               /s/ James S. Whitcomb
                                               James S. Whitcomb