UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK REAVES,<br><br>    Plaintiff,<br><br>v.<br><br>MASSACHUSETTS ARMY NATIONAL GUARD, RAYMOND VEZINA, ROBERT JORDAN, THOMAS J. SELLARS, and RICHARD NAGEL,<br><br>    Defendants. | CIVIL ACTION NO. 04-30125-KPN |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS JORDAN'S, SELLARS'S, AND NAGEL'S MOTION TO DISMISS

Defendants Robert Jordan ("Jordan"), Thomas J. Sellars ("Sellars"), and Richard Nagel ("Nagel") – by and through the Attorney General of the Commonwealth of Massachusetts, their counsel – submit this memorandum in support of their joint motion, pursuant to FED. R. CIV. P. 12(b)(6), that this Court enter a judgment in their favor, dismissing this action as to them and in support of Jordan's motion, pursuant to FED. R. CIV. P. 4(m) and 12(b)(5), that this Court enter a judgment in his favor, dismissing this action as to him..

### I. PRELIMINARY STATEMENT

This is a civil action, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000(e) *et seq.*, as amended, commenced by pro se plaintiff Mark Reaves ("Reaves"), a former member of the Massachusetts Army National Guard ("MAARNG"), arising from events that occurred during the course of Reaves's duty as an employee and member of MAARNG. The

complaint fails to state a claim upon which relief can be granted as to Jordan, Sellars, and Nagel because individuals are not liable under Title VII, as this Court has determined in other cases. *Horney v. Westfield Gage Co.*, 95 F. Supp. 2d 29, 33-36 (D. Mass. 2000) (Neiman, M.J.); *see also Meara v. Bennett*, 27 F. Supp. 2d 288, 290 (D. Mass. 1998) (Ponsor, J.). Therefore, this action should be dismissed as to Jordan, Sellars, and Nagel. In addition, this action should be dismissed as to Jordan because process has not been served on him.

## II. THE COMPLAINT[1]

Claiming jurisdiction due to the presence of a federal question arising under Title VII, Complaint ¶ 1, Reaves alleges that "[MAARNG] and some of its agents" discriminated against him. Complaint, ¶ 4. Reaves was an "employee and member" of MAARNG from September 30, 1996, through November 25, 1997. Complaint, ¶¶ 4, 4a, 4i. He served in Active Guard/Reserve[2] ("AGR") status in MAARNG during this time. Complaint, ¶ 4a. On or about October 17, 1996, Reaves was required to submit to a urinalysis. Complaint, ¶ 4b. On November 7, 1996, MAARNG applied a "FLAG" (restriction) to his file. Complaint, ¶ 4c. On November 26, 1996, Reaves was notified his urine sample had tested positive for the presence of a controlled substance. Complaint, ¶ 4d. Reaves alleges that the drug testing procedures were flawed and that he was denied certain procedures and notifications because he is a black male. Complaint, ¶¶ 4b, 4c, 4d. He also alleges that in February

---

[1] The allegations of the complaint are taken as true only for the purposes of this motion.

[2] Active Guard/Reserve duty means active duty or full-time National Guard duty performed by a member of a reserve component of the Army, Navy, Air Force, or Marine Corps, or full-time National Guard duty performed by a member of the National Guard, pursuant to an order to active duty or full-time National Guard duty for a period of 180 consecutive days or more for the purpose of organizing, administering, recruiting, instructing, or training the reserve components. 10 U.S.C. § 101(d)(6)(A).

2

1997, he was cleared of wrong doing, the FLAG restriction was removed, and he was sent to recruiter school in Arkansas, where he was recognized for his accomplishments. Complaint, ¶¶ 4e, 4f.

Reaves alleges that upon returning the dismissed charges were reissued. Complaint, ¶ 4g. He appeared on November 20, 1997, before an administrative separation board, which voted to discharge him. Complaint, ¶ 4h. On November 25, 1997, Reaves was issued a "General, Under Honorable Conditions" discharge. Complaint, ¶ 4i. Reaves alleges that the charges were reissued and that he was discharged because he is a black male. Complaint, ¶¶ 4g, 4i. He also alleges that he did not use a controlled substance; that the board ignored the fact that he did not use a controlled substance; that the board ignored that the testing procedures were flawed; and that a discharge is warranted only when there is a knowing and wrongful use of a controlled substance and such use was not proved. Complaint, ¶¶ 4h, 4i.

Reaves alleges that in 1998 a white female member tested positive for a controlled substance and admitted the knowing and wrongful use of the substance, but was allowed to stay in MAARNG. Complaint, ¶ 4j. Reaves alleges she was not discharged because of her race and gender. Complaint, ¶ 4j.

The only defendant identified in the body of the complaint is the Massachusetts Army National Guard. Complaint, ¶ 3. The only relief sought is against the Massachusetts Army National Guard. Complaint, ¶ 5. Neither Jordan, nor Sellars, nor Nagel is identified as a defendant in the body of the complaint, and no relief is requested against any of them. *See*, in particular, Complaint, ¶¶ 3, 5.

### III. ARGUMENT

A. THIS ACTION SHOULD BE DISMISSED AS TO JORDAN, SELLARS, AND NAGEL BECAUSE INDIVIDUALS ARE NOT PROPER TITLE VII DEFENDANTS.

This action should be dismissed for failure to state a claim upon which relief can be granted, FED. R. CIV. P. 12(b)(6), as to Jordan, Sellars, and Nagel because individuals are not liable under Title VII. In considering a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the pleader. *Pena-Borrero v. Estremeda*, 365 F.3d 7, 11 (1st Cir. 2004). A complaint may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Pena-Borrero*, 365 F.3d at 11.

Although the First Circuit Court of Appeals has yet to definitively address the issue of individual liability under Title VII, this Court has determined that individual supervisors are not liable under Title VII. *Horney v. Westfield Gage Co.*, 95 F. Supp. 2d 29, 33-36 (D. Mass. 2000) (Neiman, M.J.). Previously, the Court noted that there is no individual liability under Title VII. *Meara v. Bennett*, 27 F. Supp. 2d 288, 290 (D. Mass. 1998) (Ponsor, J.). Subsequently, another Judge in this District, after reviewing the cases to date, likewise concluded that Congress did not intend to impose individual liability upon agents of an employer. *Healy v. Henderson*, 275 F. Supp. 2d 40, 44-45 & nn. 39 & 40 (D. Mass. 2003) (collecting cases holding that individual employees, agents, and/or supervisors are not liable under Title VII). This Court should reiterate that agents of the employer may not be held liable under Title VII.

*Che v. Massachusetts Bay Transportation Authority*, 342 F.3d 31 (1st Cir. 2003), is not to the contrary. There is some language in this opinion which, if taken in isolation, some might read as indicating that supervisors could be personally liable under Title VII. However, this is not the proper reading of the passage. In *Che*, the court stated in passing "[a] supervisor can be liable for a retaliatory hostile work environment if, among other things, the alleged harassment was severe or pervasive." 342 F.3d at 40. For this proposition, the court cited its opinion in *Marrero v. Goya of P.R., Inc.*, 304 F. 3d 7, 26 (1st Cir. 2002), decided the year before. *Marrero* is a case in which a former employee sued his former employer under Title VII. The discussion in *Marrero*, 304 F. 3d at 26, cited by the *Che* court concerns an employer's liability for its toleration of harassment by co-workers:

> Marrero also alleges that <u>Goya</u> retaliated against her by tolerating harassment by its employees. As we explained in the previous section, "environmental" harm such as *harassment by co-workers or supervisors is actionable under Title VII if it is so severe or pervasive that it alters the conditions of the plaintiff's employment.* Just as an <u>employer</u> will be liable for discrimination if it tolerates a racially or sexually hostile work environment, <u>it</u> will be liable for retaliation if it tolerates severe or pervasive harassment motivated by the plaintiff's protected conduct. *See White*, 221 F.3d at 262; *Richardson v. N.Y. State Dep't of Correctional Serv.*, 180 F.3d 426, 446 (2d Cir.1999).

(Underlining and italics added). The further citations to *White* and *Richardson* both concern an employer's liability for harassment by supervisors or co-workers.

5

Furthermore, in *Velez v. Awning Windows, Inc.*, 375 F. 3d 35 (1st Cir. 2004), decided by the First Circuit after *Che*, the court suggested that supervisors continue not to be liable under Title VII:

> [One motion to dismiss] asserted that the claim against the Estate should be dismissed *because the law does not provide for supervisory liability. While that may be true of Title VII*, judgment was entered in this case pursuant to 29 P.R. Laws Ann. § 146. This statute imposes liability on supervisors for acts of sexual harassment. *See Meijas Miranda v. BBII Acquis'n Corp.*, 120 F.Supp.2d 157, 172 (D.P.R.2000). Thus, any error in denying the motion to dismiss was harmless.

*Velez*, 375 F. 3d at 43 (emphasis added). The court could not have stated that it "may be true of Title VII" that "the law does not provide for supervisory liability" if *Che* stands for the opposite proposition. Furthermore, there is no indication in the language used by the *Che* court that it was departing from the conclusion reached on this issue by the other circuit courts, which have uniformly concluded that individual employees, agents, and/or supervisors are not liable under Title VII. *Healy*, 275 F. Supp. 2d at 45 n. 39 (collecting cases). Accordingly, the First Circuit continues not to have definitively addressed the issue and this Court may dismiss this action as to Jordan, Sellars, and Nagel.

Furthermore, this action should be dismissed as to Jordan, Sellars, and Nagel because Reaves seeks no relief from them. Complaint, ¶ 5. Reaves seeks relief only against the Massachusetts Army National Guard. Complaint, ¶ 5; FED. R. CIV. P. 8(a)(3) (requiring pleading setting forth a claim for relief include a demand for judgment for the relief the pleader seeks). Indeed, Reaves does not identify anyone of them in the body of the complaint as a defendant. Complaint, ¶ 3. The only defendant Reaves identifies in the body of the complaint is the Massachusetts Army National Guard, against which he seeks a judgment. Complaint, ¶¶ 3, 5.

B. THIS ACTION SHOULD BE DISMISSED AS TO JORDAN
BECAUSE PROCESS HAS NOT BEEN SERVED ON HIM.

Although, for the reasons stated above, the Court need not reach the issue, this action should be dismissed as to Jordan because process has not been served on him. FED. R. CIV. P. 4(m) and 12(b)(4). As he acknowledges, Reaves did not obtain and file a waiver of service of a summons on Jordan. *See Notice of Service* (docket, no. 7). Thereafter, Reaves did not effect service on Jordan as required by FED. R. CIV. P. 4(e). *See* Docket. This rule requires service either:

> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). Massachusetts law requires personal delivery, leaving at last and usual place of abode, or delivery to an agent authorized by appointment or by statute to receive service of process. MASS. R. CIV. P. 4(d)(1). There is also a provision permitting a court to issue an order of notice. None of these has been done here. Although it appears that Reaves may have mailed by certified mail a waiver of service to Jordan at his workplace as of the time of the allegations in the complaint, this is not sufficient for service even assuming the address was current and even if the documents mailed were a copy of a summons and of the complaint. This Court previously determined that service was to be completed by May 1, 2005. *See* Electronic Order entered 03/01/2005. Reaves has not completed service of process on Jordan. Accordingly, this action should be dismissed as to him.

## IV. CONCLUSION

For the foregoing reasons, Jordan, Sellars, and Nagel respectfully request that this Court (1) enter an order allowing their motion to dismiss; and (2) enter a judgment in their favor, dismissing this action as to them.

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

By: /s/ James S. Whitcomb
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA  01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
B.B.O. No. 557768

DATED: July 27, 2005.

## CERTIFICATE OF SERVICE

I, James S. Whitcomb, Assistant Attorney General, hereby certify that on this 27th day of July, 2005, I served the foregoing *Memorandum in Support of Defendants Jordan's, Sellars's, and Nagel's Motion to Dismiss* by either mailing, by first class mail, postage prepaid, or by delivering – as indicated below – a true copy of the document to each of the following:

Mark Reaves, pro se
24 Ionia Street
Springfield, MA  01109
*(Mailed)*

Karen L. Goodwin, A.U.S.A.
1550 Main Street, Room 310
Springfield, MA  01103-1422
*(Delivered)*

/s/ James S. Whitcomb
James S. Whitcomb