UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK REAVES,

    Plaintiff,

v.

MASSACHUSETTS ARMY NATIONAL GUARD, RAYMOND VEZINA, ROBERT JORDAN, THOMAS J. SELLARS, and RICHARD NAGEL,

    Defendants.

CIVIL ACTION NO. 04-30125-MAP

## DEFENDANTS MAANG'S AND VEZINA'S STATEMENT REGARDING PROPOSED PRE-TRIAL SCHEDULE

### I. Introduction

Pursuant to the *Notice of Scheduling Conference* (docket no. 24), FED. R. CIV. P. 16(b), and LR.16.1, defendants Massachusetts Army National Guard ("MAANG") and Raymond Vezina ("Vezina")[1] – by and through their counsel of record – submit this statement.[2]

---

[1] Vezina is no longer the Adjutant General of the Massachusetts National Guard. Oliver B. Mason, Jr., is the Adjutant General.

[2] Defendants Robert Jordan's, Thomas J. Sellars's, and Richard Nagel's motion to dismiss (docket no. 18) was allowed by the Court (Ponsor, J.) on September 6, 2005. *See* Docket entry dated 09/06/2005.

## II. Proposed Discovery Plan and Motion Schedule

MAANG and Vezina would like an opportunity to file a motion to dismiss or for judgment on the pleadings before discovery is conducted in this action. MANG and Vezina intend to assert that this action should be dismissed as to them because employment discrimination claims by military personnel are nonjusticiable and individual supervisors are not proper Title VII. *Feres v. United States*, 340 U.S. 135 (1950); *Chappell v. Wallace*, 462 U.S. 296 (1983); *United States v. Stanley*, 483 U.S. 669, 682-83 (1987); *Wright v. Park*, 5 F.3d 586 (1st Cir. 1993) (applying rationale of *Feres*, *Chappell*, and *Stanley* to hold that the doctrine of intra-military immunity bars claims of employment discrimination by members of the Massachusetts National Guard); *Overton v. New York State Division of Military and Naval Affairs*, 373 F.3d 83 (2nd Cir. 2004) (*Feres* doctrine prevents member of National Guard from challenging military decisions through Title VII action); *Horney v. Westfield Gage Co.*, 95 F. Supp. 2d 29, 33-36 (2000) (Neiman, M.J.) (holding that individual Title VII liability may not be imposed upon employees of employer who act in supervisory capacity); *Healy v. Henderson*, 275 F. Supp. 2d 40, 44-45 (D. Mass. 2003) (Tauro, J.) (same). Title VII excludes military employees from its coverage. *Bureau of Alcohol, Tobacco and Firearms v. Federal Labor Relations Authority*, 464 U.S. 89, 92 n. 4 (1983).

In order to resolve this threshold issue, MAANG and Vezina propose the following schedule:

1.   MAANG's and Vezina's motion under FED. R. CIV. P. 12, filed.    December 23, 2005
2.   Reaves's opposition to MAANG's and Vezina's motion under FED. R. CIV. P. 12, filed.    January 17, 2006

### III. Other Matters

Neither MAANG nor Vezina has the power to grant the relief that Mr. Reaves seeks. Mr. Reaves seeks all pay, allowances, and benefits from the date of discharge; reinstatement into the Army National Guard; and promotion. Complaint (docket no. 1), ¶¶ 5a-5b. The Massachusetts Army National Guard is financed, regulated, and controlled by the federal government to a substantial degree. Should this action survive MAANG's and Vezina's motion to dismiss or for judgment on the pleadings, MAANG and Vezina would like to amend their answer.

MAANG and Vezina will separately file a LR. 16.1(D)(3) certification.

Respectfully submitted,

MASSACHUSETTS ARMY NATIONAL
GUARD, RAYMOND VEZINA

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

By: /s/ James S. Whitcomb
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
B.B.O. No. 557768

DATED: November 29, 2005.

## CERTIFICATE OF SERVICE

    I, James S. Whitcomb, Assistant Attorney General, hereby certify that on this 29th day of November, 2005, I served the foregoing *Defendants MAANG's and Vezina's Statement Regarding Proposed Pre-trial Schedule* by either mailing, by first class mail, postage prepaid, or by delivering – as indicated below – a true copy of the document to each of the following:

| | |
|---|---|
| Mark Reaves, pro se<br>24 Ionia Street<br>Springfield, MA 01109<br>*(Mailed)* | Karen L. Goodwin, A.U.S.A.<br>1550 Main Street, Room 310<br>Springfield, MA 01103-1422<br>*(Delivered)* |

                                                                                      /s/ James S. Whitcomb
                                                                                      James S. Whitcomb