# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

Mark Reaves  
59 Evers Place  
Bridgeport, CT 06610  
Plaintiff

CIVIL ACTION  
NO. 04-30125 -MAP

December 21, 2005

v.

Massachusetts Army National Guard  
Adjutant General  
Milford, MA

Raymond A. Vezina  
60 John Drive  
North Grafton, MA 01536

Defendants

## AMMENDED COMPLAINT

Now comes the plaintiff Mark Reaves in the above entitle matter and respectfully requests this honorable court consider this amended complaint. As ground for this request plaintiff Mark Reaves, herein, states as follows: that he was discriminated against by the Massachusetts Army National Guard and its agents, in violation of Chapter 151B of the Annotated Laws of Massachusetts; 42 USCS 1983; 42 USCS 2000e; and Title VII of the 1964 Civil Rights Act; and further alleges:

1. Plaintiff, Mark Reaves resides at 59 Evers Place, in the City of Bridgeport, County of Fairfield, State of Connecticut.
2. Plaintiff makes this complaint against the Massachusetts Army National Guard and its agents, City of Milford, County of Worcester, Commonwealth of Massachusetts.

3. Plaintiff Mark Reaves, is a black male; he was a resident of the County of Hamden, Commonwealth of Massachusetts, and was employed by the defendant at the defendant's facilities located in the City of Lexington, Commonwealth of Massachusetts, until on or about 6 November 1997, when plaintiff's employment was terminated as a result of the unlawful practices complained herein.

Defendant follows a policy and practice of discrimination in employment against blacks on account of their race. Under such policy and practice, defendant, through its agents, repeatedly harassed plaintiff because plaintiff attempted to obtain equal opportunity employment for himself and because he filed charges of discrimination with the National Guard Bureau Equal Opportunity Office and the Massachusetts Commission Against Discrimination. As a direct and proximate result of this systematic and repeated harassment, plaintiff endured great mental suffering for years and was forced to terminate his employment with defendant on or about 6 November 1997.

Plaintiff was wrongfully accused of substance abuse after being subjected to improper urinalysis testing procedures, negligent handling of urine samples, a failure to provide a valid chain of custody and denial of right to a fair and impartial administration board. Plaintiff petitioned to have equal employment opportunity with respect to due process in this procedure from November 1997 through November 2005. Plaintiff was and is fully qualified for the position of Recruiting and Retention Noncommissioned Officer in defendant's general office, and was and is fully capable of performing that job effectively.

Defendant has discriminated and is presently discriminating against plaintiff with respect to the false allegation of substance abuse. The unlawful discrimination against plaintiff continued after his termination in that defendant gave false and derogatory references concerning complainant to parties with whom complainant had applied for employment, as a result of which complainant was unable to obtain numerous jobs.

# JURISDICTION

**1.** This court has jurisdiction based upon Diversity of Citizenship jurisdiction. The Plaintiff maintained his principal domicile in the state of New York at the time of cause of action. The Defendant's principle establishment was located in the Commonwealth of Massachusetts at the time of cause of action. Diversity of Citizenship jurisdiction continues because Plaintiff owns and maintains a home in Connecticut and Defendant's establishment and residence is within the Commonwealth of Massachusetts. Article III, section 2 of the Constitution (Federal District Court jurisdiction) 28 USCS 1332

**2.** This court has subject matter jurisdiction because of 28 USCS subsection 1361 (2005) The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. It is for this reason the plaintiff brings this 28 USCS 1361. In search of Action to compel an officer of the United States to perform his duty

    a. Violation of governmental agency's own regulations can be basis for jurisdiction under 28 USCS § 1361 since head of government agency has duty to comply with regulations he has established. <u>McMahon v Califano (1979, DC Mass) 476 F Supp 978.</u>

    b. In action brought by serviceman contesting his discharge on basis that army failed to follow its own regulations and to guarantee plaintiff due process, District Court has jurisdiction to hear plaintiff's claims for declaratory and equitable relief, under 28 USCS §§ 1331 and 1343; court also has mandamus jurisdiction under 28 USCS § 1361 since this section confers jurisdiction over suit for declaratory and injunctive relief from discharge allegedly made in violation of army regulations and since district court has original jurisdiction of any action in nature of mandamus to compel officer or employee of United States to perform duty owed to plaintiff; further, under 28 USCS § 1346(a)(2) court has jurisdiction over any civil action or claim not exceeding $ 10,000. <u>Wronke v Marsh (1985, CD Ill) 603 F Supp 407, revd on other grounds (1986, CA) 787 F2d 1569, cert den (1986) 479 US 853, 93 L Ed 2d 121, 107 S Ct 188.</u>

    c. Complaint alleging that Correction Board's decision to grant plaintiff only partial relief was incorrect and seeking order compelling Air Force to issue plaintiff honorable discharge and to expunge unfavorable discharge material from his records was sufficient to reveal proper basis for jurisdiction under 28 USCS § 1361 to review decision of Correction Board. <u>Mulvaney v Stetson (1979, ND Ill) 470 F Supp 725</u>.

    d. Congress has explicitly given District Courts power to consider cases in nature of mandamus against federal officials; when it is claimed that federal officials are acting contrary to law, abusing their discretion in acting outside limits of fair permissible discretion, and when official conduct extends beyond any rational exercise of discretion, even though it is within letter of authority granted, mandamus affords appropriate judicial relief. <u>NAACP v Levi (1976, DC Dist Col)</u>.

**3.** This court has subject matter jurisdiction based upon 10 USCS subsection 1552; Federal District Courts have jurisdiction in action for mandamus pursuant to 28 USCS § 1361 to review decisions by correction Boards established under 10 USCS § 1552, including those which involve actions by courts-martial as Congress specifically relieved Correction Board from finality provision of Article 76, 10 USCS § 876, and federal courts have jurisdiction to set aside arbitrary and capricious refusal by Board of exercise its power. <u>Ragoni v United States (1970, CA3 NJ) 424 F2d 261</u>.

**4.** This court has subject matter jurisdiction because Plaintiff is alleging Discrimination based upon race and gender bias under 42 USC subsection 1983.

**5.** This court has subject matter jurisdiction because plaintiff is alleging Discrimination based upon race and also gender bias. This is in violation of ALM GL ch. 151B.

**6.** This court has subject matter jurisdiction under 42 USCS 2000e-16; and provisions under Title VII of the 1964 Civil Rights Act.

The jurisdiction of the court is predicated on Mandamus and Venue Act 28 USCS subsection 1361; 28 USCS subsection 1331; ALM GL ch. 151B; 42 USCS 2000e-16; Title VII of the 1964 Civil Rights Act.

4

While purely discretionary decisions of military officials within their valid jurisdiction are beyond permissible scope of review of federal courts, power to review does extend to questions of whether military orders were promulgated in violation of military's own regulations, whether procedures employed by military comply with requirements of due process, and whether military has acted within jurisdiction conferred on it by valid law. Caruso v Toothaker (1971, MD Pa).

Court review of decision of discharge from military may be invoked under 28 USCS § 1361 only where there is allegation of deprivation of constitutional right, or allegation that military has acted in violation of applicable statutes or its own regulations, and where petitioner has exhausted available intraservice remedies. Mindes v Seaman (1971, CA5 Fla) 453 F2d 197 (criticized in Hassenfratz v Garner (1995, SD Miss) 911 F Supp 235) and (ovrld in part as stated in Daugherty v United States (2002, ND Okla) 212 F Supp 2d 1279) and (criticized in Winck v England (2003, CA11 Fla) 327 F3d 1296, 16 FLW Fed C 527).

District Court has jurisdiction under 28 USCS § 1361 of action brought by Army reserve officer to prevent his release from active duty and for correction of his military records, mandamus is appropriate means of relief where plaintiff's allegations fulfill prerequisites to mandamus. Jones v Alexander (1980, CA5 Ga)

Federal courts have power, under 28 USCS § 1361, to grant mandatory relief to civilian employee of **national guard,** in suit against state adjutant general, seeking reinstatement and alleging that his discharge was abuse of discretion. Chaudoin v Atkinson (1974, CA3 Del).

District court has jurisdiction under 28 USCS § 1361 to entertain suit for injunctive relief by **National Guard** technician claiming defendant acted unconstitutionally and outside scope of statutory authority in terminating his employment; phrase "in the nature of a mandamus" grants district courts broader power to issue writ than under restricted common law authorities, which limited writ to cases involving ministerial duties only. Vargas v Chardon (1975, DC Puerto Rico)

District Court has subject matter jurisdiction pursuant to 28 USCS § 1331 over action by military service person claiming military unlawfully failed to follow its own regulations and, thus, may entertain action by active female service member based upon alleged sex discrimination by various superior officers in violation of her equal protection and due process rights. Tufts v Bishop (1982, DC Kan)

District Court had jurisdiction under 28 USCS § 1331 to hear suit brought by discharged **national guard** employee involving federal question as to validity of discharge, where employee sought punitive damages in amount of $ 25,000, as to which there was at least a possibility of recovery, and where loss of salary might eventually exceed $ 10,000. Chaudoin v Atkinson (1974, CA3 Del)

Sovereign immunity plays no role when federal officials are alleged to have acted outside scope of their authority. United States v Pennsylvania (1975, MD Pa).

*Mandamus and Venue Act is required in this case. It authorizes court to issue mandamus to compel performance of ministerial duties.*

## Cause of Action

"*Defendant's have violated the Civil Rights of plaintiff created by Federal Law.*"

*The foregoing acts of defendant constituted unlawful discrimination against defendant by discharging plaintiff from employment sole because of race and gender in violation of Chapter 151B of the Annotated Laws of Massachusetts.*

1. Plaintiff was wrongfully terminated from the Massachusetts Army National Guard. The Massachusetts Army National Guard and its agent's failure to follow their own regulations due to race discrimination and gender bias resulted in this wrongful termination. Plaintiff hereby requests to incorporate all of his allegations made in his original complaint along with these amendments.

2. Plaintiff suffered and continues to suffer emotional and physical damage due to the racial discrimination and gender bias imposed upon him by the Massachusetts Army National Guard and its agents (Defendants) because of their failure to follow their own established administrative regulations and procedures.

3. Defendant negligently handled conduct of urinalysis testing process and failed to establish a valid chain of custody from collection to delivery to testing laboratory. This negligence and lack of documentary evidence gave rise to the arbitrary and wrongful discharge. Because of this negligence and arbitrary finding leading to discharge the plaintiff was and continues to be emotionally, physically and financially harmed.

4. Defendant violated plaintiff's rights under 42 USC 1983 because of racial discrimination and gender bias which resulted in termination from the Massachusetts Army National Guard. This action has resulted in plaintiff suffering emotional, physical and financial harm.

5. Defendant in violation of plaintiff's state rights under AML GL ch. 151B has illegally imposed racial discrimination and gender bias which resulted in the plaintiff's wrongful discharge from the Massachusetts Army National Guard.

## FACTS

Plaintiff was ordered to full-time National Guard duty in Active Guard/Reserve (AGR) status on 30 September 1996. This duty was for a period of 30 September 1996 to 29 September 1999. On 17 October 1996 plaintiff attended a conference at a Hotel in Lexington, MA along with members of the Massachusetts Army National Guard Recruiting Command. While waiting for the conference to begin at the hotel someone was walking around announcing a urinalysis was taking place in the hotel and everyone was to attend. This is not the proper notification procedure for Department of the Army urinalysis testing; however, plaintiff and some of the National Guard members did participate in this unauthorized test under the belief that it would be properly conducted. Some members in the unit attending the conference left the area when the surprise urinalysis was announced and avoided the test. This unauthorized absence was due to the lack of strict adherence to regulatory guidelines by the command and resulted in selective testing opposed to random testing required by regulation. Army Regulation (AR) 600-85

The urinalysis test that was conducted was contrary to regulatory guidelines and procedures from the beginning notification to administration to critical technical safeguards which are required in order to ensure proper identification of possible illegal drug use. An important aspect of the urinalysis testing process is the guarantee of the chain of custody. This ensures that the sample collected and attributed to an individual is free from misidentification or tampering from time of collection until testing by laboratory. Regulations require that the chain of custody must be valid in order to support an accusation of positive urinalysis. (AR) 600-85.

***Massachusetts Army National Guard was negligent in the conduct of this urinalysis testing process.***

***Massachusetts Army National Guard could not produce a valid chain of custody which certifies that the sample is that of Plaintiff.***

***Massachusetts Army National Guard arbitrarily attributed these results to plaintiff without proper supporting evidence and proceeded to discharge plaintiff due to racial discrimination and gender bias.***

Plaintiff's commander Major Thomas Sellars had issued a flag order on plaintiff on 7 November 1996; however, Major Sellars did not notify the plaintiff of his alleged positive sample until 26 November 1996. Plaintiff was completely unaware of any suggestion that his alleged sample was identified as positive. Plaintiff had no reason to believe he would face such an accusation because he did not use drugs.

The improper notification action by the commander of the plaintiff by Major Sellars was more than 30 days after test results. This time frame is well beyond the regulatory guidelines of immediately after positive results are known by command. Due to a racially discriminatory animus and gender bias prior to notifying plaintiff, Major Sellars assumed guilt of plaintiff. This negative assumption is contrary to regulatory procedures with regards to the notification and separation process and undermines the provision of the rights of a soldier with regard to the Uniform Code of Military Justice (UCMJ). Investigation is required prior to any proceeding with any separation action. AR 600-85

During this notification Major Sellars informed plaintiff of command intent to separate plaintiff for a violation of the substance abuse. Plaintiff denied any drug use and immediately questioned the validity of test and custody procedures. Because Major Sellars, the Adjutant General Raymond Vezina disregarded their duty according to the regulation this illegal separation action violated the due process rights of the plaintiff.

Plaintiff was assigned legal representation by his commander in December 1996. Plaintiff received ineffective assistance of counsel. His initial legal counsel was Major Robert Jordan. Major Jordan did not adhere to any legal ethical standard. Major Jordan informed the plaintiff at his initial intake that he did not care if plaintiff did use drugs or did not use drugs. It was apparent that rather than develop a comprehensive defense strategy to an absurd accusation, Major Jordan had a hidden agenda. Major Jordan advised plaintiff that he should just plead guilty and the command or separation board would have leniency. The plaintiff refused this course of action due to complete innocence and was forced to endure this type of representation over a period of five months. Major Jordan resigned as plaintiff attorney when it was apparent plaintiff would not comply with his reckless defense strategy. Major Jordan cited a conflict of interest due to a member of the urinalysis testing team being related to him. Major Jordan had information of all the personnel involved in the testing process from the point of representation in December 1996. Major Jordan's excuse was only a pretext to the racially discriminatory animus and gender bias imposed upon the plaintiff by Major Jordan.

## PRAYER FOR RELIEF

Wherefore, the plaintiff requests that, following hearing on this complaint, an order requiring defendants to correct the record of the plaintiff to indicate that terminating employment status of plaintiff solely by reason of misconduct was unlawful. The continuing acts, policies, practices, customs, and usages of defendant described and complained of above are unlawful employment practices in that they have the effect of denying employment to, discriminating against, depriving and tending to deprive equal employment opportunities to, and otherwise adversely affecting plaintiff and members of the class he represents because of their race and color.

Plaintiff respectfully request that this court order reinstatement in the Massachusetts Army National Guard because of their failure to follow their own established regulations with regards to the negligent handling of urine sample which formed the basis of plaintiff's wrongful discharge. Order defendant to give notice of the wrongful termination to all agencies connected with military records. Order the defendant to make correction of all military records of plaintiff with regard to this termination, so as to make him whole from the negative effects of this unlawful employment practice.

Award any damages to plaintiff that he may be entitled to for emotional distress, physical damage and financial harm arising from the wrongful discharge due to racial discrimination and gender bias.

Cost of all legal fees, attorney consultations fees and all costs associated with bringing this action.

For such other and further relief as the court may find to be just and proper.

Plaintiff demands trial by jury.

For reasons set forth above, plaintiff is entitled to relief requested.

Respectfully Submitted,


Mark Reaves
Pro Se, Plaintiff

MER


Clerk of Court US District Court for the
   District of Massachusetts, Western Section
James S. Whitcomb, Asst Attorney General (by mailing)