UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                )
MARK REAVES,                    )
                                )
        Plaintiff,              )
                                )
v.                              )   CIVIL ACTION NO. 04-30125-MAP
                                )
MASSACHUSETTS ARMY NATIONAL     )
GUARD, RAYMOND VEZINA,          )
                                )
        Defendants.             )
_____ )
```

**DEFENDANTS MAANG'S AND VEZINA'S ANSWER TO AMENDED COMPLAINT**

Defendants Massachusetts Army National Guard ("MAANG") and Raymond Vezina ("Vezina")[1] – by and through the Attorney General of the Commonwealth of Massachusetts, their counsel – answer the indicated paragraphs of the amended complaint (Dkt No. 35) filed by plaintiff Mark Reaves ("Reaves") as follows:

[P. 1, ¶ 1 unnumbered]   To the extent that the allegations contained in this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations.

---

[1] The docket reflects that the amended complaint is against MAANG and Vezina. The docket lists the three other defendants as terminated.

1.     MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.     This paragraph merely characterizes the action and therefore no response is required. To the extent that this paragraph summarizes allegations made in other paragraphs of the amended complaint, the responses to those paragraphs are incorporated.

3.     MAANG and Vezina admit the allegations, contained in this paragraph, that "Plaintiff, Mark Reaves . . . and was employed by the defendant . . . until on or about 6 November 1997, when plaintiff's employment was terminated . . .." To the extent that the remaining allegations contained in this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the remaining allegations contained in this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations.

[P. 2, ¶ 1 unnumbered]     To the extent that the allegations contained in this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations.

[P. 2, ¶ 2 unnumbered]     To the extent that the allegations contained in the first and second sentences of this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the first and second sentence of this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations. MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations, contained in

the third sentence of this paragraph, that Reaves is qualified for and is capable for performing the duties of the position. MAANG and Vezina admit the remaining allegations contained in the third sentence of this paragraph.

[P. 2, ¶ 3 unnumbered]    To the extent that the allegations contained in this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations.

["**JURISDICTION**"]

1.    The allegations contained in the first sentence of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond. MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph. MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations, which they do not understand, contained in the third sentence of this paragraph. To the extent that the allegations contained in the fourth sentence of this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the fourth sentence of this paragraph may be construed to be averments of fact, MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations. The allegations contained in the fifth sentence of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

2.    The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

      a.      The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

      b.      The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

      c.      The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

      d.      The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

3.      The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

4.      The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

5.      The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

6.      The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 4, unnumbered ¶] The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 5, ¶ 1 unnumbered]      The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 5, ¶ 2 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 5, ¶ 3 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 5, ¶ 4 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 5, ¶ 5 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 6, ¶ 1 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 6, ¶ 2 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 6, ¶ 3 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 6, ¶ 4 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

["**Cause of Action**"]

[P. 6, ¶ 1 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 6, ¶ 2 unnumbered]     To the extent that the allegations contained in this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to

respond to the allegations. To the extent that the allegations contained in this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations.

1.      MAANG and Vezina admit the allegations, contained in the first sentence of this paragraph, that "Plaintiff was . . . terminated from the Massachusetts Army National Guard." To the extent that the remaining allegations contained in the first sentence of this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the remaining allegations contained in the first sentence of this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations. The allegations contained in the second sentence of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond. MAANG and Vezina adopt by reference their respective responses to the allegations contained in the original complaint.

2.      To the extent that the allegations contained in this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the allegations contained in this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations.

3.      The allegations contained in the first and second sentences of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond. To the extent that the allegations contained in the third sentence of this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the third sentence of this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations.

4. The allegations contained in the first sentence of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond. To the extent that the allegations contained in the second sentence of this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the second sentence of this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations.

5. The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

["**FACTS**"]

[P. 7, ¶ unnumbered]   MAANG and Vezina admit the allegations contained in the first and second sentences of this paragraph. MAANG and Vezina deny the allegations contained in the third sentence of this paragraph. MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of this paragraph. To the extent that the allegations contained in the fifth sentence of this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the fifth sentence of this paragraph may be construed to be averments of fact, MAANG and Vezina admit the allegations that "plaintiff . . . did participate in this . . . test . . ." and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations. MAANG and Vezina deny the allegations contained in the sixth sentence of this paragraph. To the extent that the allegations contained in the seventh sentence of this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the

allegations contained in the seventh sentence of this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations. The allegations contained in the eighth sentence of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.    [P. 8, ¶ 1 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 8, ¶ 2 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 8, ¶ 3 unnumbered]     To the extent that the allegations contained in this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations.

[P. 8, ¶ 4 unnumbered]     The allegations contained in this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 8, ¶ 5 unnumbered]     MAANG and Vezina admit the allegations contained in the first sentence of this paragraph. MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph. MAANG and Vezina deny the allegations contained in the third sentence of this paragraph

[P. 8, ¶ 6 unnumbered]     To the extent that the allegations contained in the first sentence of this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the first sentence of this paragraph may be construed to be averments of fact, MAANG and Vezina deny the

allegations. The allegations contained in the second sentence of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond. To the extent that the allegations contained in the third sentence of this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the third sentence of this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations. The allegations contained in the fourth, fifth and sixth sentences of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond.

[P. 9, ¶ 1 unnumbered]    MAANG and Vezina admit the allegations contained in the first sentence of this paragraph. MAANG and Vezina deny the allegations contained in the second sentence of this paragraph. The allegations contained in the third sentence of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond

[P. 9, ¶ 2 unnumbered]    MAANG and Vezina admit the allegations contained in the first sentence of this paragraph. The allegations contained in the second sentence of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond. MAANG and Vezina admit the allegations contained in the third sentence of this paragraph. The allegations contained in the fourth sentence of this paragraph are statements or conclusions of law to which MAANG and Vezina are not required to respond. MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth sentence of this paragraph. MAANG and Vezina deny the allegations contained in the sixth sentence of this paragraph. MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the seventh sentence of this paragraph.

MAANG and Vezina deny the allegations, contained in the eighth sentence of this paragraph, that Reaves has "complete innocence . . .." MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the eighth sentence of this paragraph. MAANG and Vezina admit the allegations, contained in the ninth sentence of this paragraph, that "Jordan resigned as plaintiff attorney . . .." MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the ninth sentence of this paragraph. MAANG and Vezina admit the allegations contained in the tenth sentence of this paragraph. MAANG and Vezina are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the eleventh sentence of this paragraph. To the extent that the allegations contained in the twelfth sentence of this paragraph may be construed to be statements or conclusions of law, MAANG and Vezina are not required to respond to the allegations. To the extent that the allegations contained in the twelfth sentence of this paragraph may be construed to be averments of fact, MAANG and Vezina deny the allegations.

["**PRAYER FOR RELIEF**"]

| | |
|---|---|
| [¶ 1 unnumbered] | MAANG and Vezina request that the Court deny this relief to Reaves. |
| [¶2. unnumbered] | MAANG and Vezina request that the Court deny this relief to Reaves. |
| [¶3. unnumbered] | MAANG and Vezina request that the Court deny this relief to Reaves. |
| [¶4. unnumbered] | MAANG and Vezina request that the Court deny this relief to Reaves. |
| [¶5. unnumbered] | MAANG and Vezina request that the Court deny this relief to Reaves. |

## AFFIRMATIVE DEFENSES

Further answering, MAANG and Vezina assert the following affirmative defenses:

### First Affirmative Defense

The Court lacks jurisdiction over the subject matter of this action. FED. R. CIV. P. 12(b)(1) & 12(h)(3).

### Second Affirmative Defense

The amended complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).

### Third Affirmative Defense

This action is barred by the doctrine of *Feres v. United States*, 340 U.S. 135 (1950) and its progeny.

### Fourth Affirmative Defense

This action is not justiciable.

### Fifth Affirmative Defense

MAANG and Vezina are immune.

### Sixth Affirmative Defense

This action is barred by the Eleventh Amendment to the United States Constitution.

### Seventh Affirmative Defense

This action is barred by the statutes of limitations.

### Eighth Affirmative Defense

This action is barred by laches.

<u>Ninth Affirmative Defense</u>

Reaves has failed to exhaust his intra-military remedies.

<u>Tenth Affirmative Defense</u>

Reaves has failed to exhaust his administrative remedies.

<u>Eleventh Affirmative Defense</u>

Plaintiff has failed to join a necessary party, the United States.

<u>MAANG AND VEZINA CLAIM A TRIAL BY JURY ON ALL ISSUES.</u>

CONCLUSION

Wherefore, MAANG and Vezina respectfully request that the Court (1) deny all relief to Reaves; (2) enter judgment in MAANG's and Vezina's favor, dismissing with prejudice this civil action and awarding MAANG and Vezina their respective costs incurred in defending this civil action; and (3) grant such other relief as this Court finds just and reasonable.

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

By: */s/ James S. Whitcomb*
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA  01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
B.B.O. No. 557768

DATED:  November 26, 2007.

**CERTIFICATE OF SERVICE**

I, James S. Whitcomb, Assistant Attorney General, hereby certify that this document, filed through the Electronic Case Files system, will be, on this 26th day of November, 2007, sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing and mailed in paper copy form, by first class mail, postage prepaid, to those indicated non-registered participant(s).

*/s/ James S. Whitcomb*
James S. Whitcomb