UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK REAVES, )<br>  )<br>　　　　Plaintiff, )<br>  )<br>v. )<br>  )<br>MASSACHUSETTS ARMY NATIONAL )<br>GUARD, RAYMOND VEZINA, )<br>  )<br>　　　　Defendants. )<br>  ) | CIVIL ACTION NO. 04-30125-MAP |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
"MOTION TO EXTEND DISCOVERY TIME TIME PERIODS"**

Defendants Massachusetts Army National Guard ("MAANG") and Raymond Vezina ("Vezina")[1] – by and through the Attorney General of the Commonwealth of Massachusetts, their counsel – oppose the *Motion to Extend Discovery Time Time Periods* filed by plaintiff Mark Reaves.

As grounds for this opposition, MAANG and Vezina state the following:

1.  This action arises out of events that took place more than a decade ago. See Plaintiff's Amended Complaint (Dkt. No. 35) (complaining of termination on November 6, 1997).

2.  The action itself was commenced almost four years ago. See Docket (original complaint entered July 1, 2004).

---

[1] The docket reflects that the amended complaint is against MAANG and Vezina. The docket lists the three other defendants as terminated.

3.      That plaintiff has presumably recently engaged his current counsel is not good reason to enlarge the time period. Plaintiff has had ample time to obtain counsel (literally, years and years) and does not suggest otherwise. Counsel steps in to plaintiff's own shoes and plaintiff has had four months to complete discovery.[2]

4.      Counsel states that he is asking for additional time to "respond to discovery" and "answer discovery." Motion, p. 2. Counsel does not need additional time to "respond to" or "answer" discovery because defendants (like plaintiff) have propounded none.

5.      What counsel really seeks, although not expressly, is an enlargement within which to conduct afresh non-expert discovery and to squeeze defendants into a sixty-day window for responding.

6.      If what counsel seeks is an enlargement of the time period for completing non-expert discovery under the *Further Scheduling Order* (Dkt. No. 40), ¶¶ 1, there is no basis for enlarging that time period only for plaintiff, which is what appears to be requested. Motion, p. 2.

7.      The *Further Scheduling Order* entered on February 28, 2008, schedules this action through trial. The requested enlargement for non-expert discovery until the end of August is not compatible with the deadlines for designation and disclosure of information regarding trial experts which are July 25, 2008, for plaintiff and August 22, 2008, for defendants. *Further Scheduling Order*, ¶¶ 2-3.

---

2     Indeed, the undersigned counsel for defendants met with plaintiff on March 25, 2008. Later, on April 30, 2008, the undersigned was contacted by an attorney in a Holyoke, Massachusetts firm on behalf of plaintiff who stated that he had met with the plaintiff on more than one occasion and might be retained. The undersigned was scheduled to meet with the attorney on May 8, 2008, until the attorney called the undersigned the day before and reported that plaintiff had "changed counsel."

2

## CONCLUSION

Wherefore, MAANG and Vezina respectfully request that the Court deny plaintiff's motion.

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

By:  */s/ James S. Whitcomb*_____
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA  01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
B.B.O. No. 557768

DATED:  June 25, 2008.

## CERTIFICATE OF SERVICE

I, James S. Whitcomb, Assistant Attorney General, hereby certify that this document, filed through the Electronic Case Files system, will be, on this 25th day of June, 2008, sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing and mailed in paper copy form, by first class mail, postage prepaid, to those indicated non-registered participant(s).

*/s/ James S. Whitcomb*_____
James S. Whitcomb

3