UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK REAVES, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 04-30125-MAP |
| | ) FIRST REQUEST TO DEFENDANT |
| MASSACHUSETTS ARMY NATIONAL | ) FOR PRODUCTION OF |
| GUARD and ADJUTANT GENERAL | ) DOCUMENTS |
| RAYMOND A. VEZINA, | ) |
| | ) |
| Defendant(s). | ) |

## PLAINTIFF'S DEMAND TO PRODUCE

Pursuant to the Federal Rules of Civil Procedure please produce copies of the following documents and materials delivered to plaintiff's attorney, Kiley D. Scott, Esq. at 441 New Karner Road, Albany, New York 12205 within the guidelines set out by the Rules or arrange a time and place where counsel can have a reasonable chance to examine said documents and copy relevant parts

Document Production Request (First set)

INSTRUCTIONS: Whenever a person is named, that name is to include full name, including middle initial, any aliases, current home and business addresses and telephone numbers, any licenses or degrees they may hold, their title and job description. Also if applicable all professional licenses (past and present) and date and state of issue.

If you assert any objections such as work-product or attorney-client privilege, please be sure to follow the FRCP guidelines that stipulate that you must identify and describe each document and why it is privileged by making the "claim expressly and shall describe the nature of the documents, communications, or things not produced in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." FRCP 26(b)(5). Mere unsubstantiated objections will be considered intentional delay.

Words which appear to you as vague and ambiguous should be assumed to have plain English meaning.

If you find a request burdensome because of the amount of material required, then you may produce the material incrementally, as long as you advise me of such and start producing the information within the allotted time frame of 30 days.

Please consider this an ongoing request in keeping with FRCP 26 and supplement the information should there be changes or updates or other information becomes available.

If I receive generalized unsubstantiated or boilerplate objections that do not comply with Rule 26, I will immediately seek monetary and disciplinary sanctions from the court up to and including a default judgment.

Please also state the names, titles, addresses and phone numbers of anyone who had any input into the answering of these requests as required by the Rules.

Please produce copies of:

A. Any MANUALS, Policies and Procedures manuals, drafts of policies or programs, memoranda, or other guidelines or any written, computer, tape recorded or videotaped guidelines or rules relied upon or written by the United States Army, the Massachusetts Army National Guard or any other agency that drafts manuals, policies or programs, memoranda, or any other guidelines for the United States Armed Forces that were in effect in 1995 through 2005 pertaining to:

   a) The Administration of Drug tests (policies and procedures) in the Massachusetts Army National Guard to include:
      1) Any and all documents related to collection, storage, shipping and testing of urine samples within the Massachusetts Army National Guard that were in effect from November 1995 through November 2005.
      2) Any and all documents, manuals and regulations relating to the training and certification of the urinalysis drug testing team that administered the test on SSG Reaves on or about October 17, 1996.
      3) A copy of the certification and dates of training for all members of the urinalysis drug testing team on urinalysis for SSG Reaves on or about October 17, 1996.
      4) A copy of the positive drug test results known as the "Litigation Packet."

   b) Any and all official documents, records and/or regulations relating to service members discharged from the Massachusetts Army National Guard for misconduct based on the alleged abuse of illegal drugs.

   c) Any and all documents, transcripts or electronic recordings of all board hearings relating to cases in front of the Administrative discharge board from November 1995 through November 2005, which involved misconduct based on the alleged abuse of illegal drugs to include:
      1) The service members name, rank, phone number and address.
      2) The service member's time in service.
      3) The service member's race.

      4) The final disposition, i.e. was the service member discharged from the Massachusetts Army National Guard.
      5) The type of discharge the service member received.
      6) All transcripts of all hearings from November 1995 through November 2005.

d) Any and all documents, records and/or regulations in effect on or about October 17, 1996 that relate to the procedures utilized by the Massachusetts Army National Guard to ensure a valid chain of custody in the collection and processing of urine samples.
      1) Copies of any and all Massachusetts Army National Guard internal correspondence dealing with chain of custody issues.

e) Any and all documents relating to SSG Janet McDonald's misconduct based on her abuse of illegal drugs to include:
      1) Transcripts or electronic recordings of Ms. McDonald's hearing in front of the Administrative discharge board.
      2) Any and all documents related to instructions given to board members during SSG McDonald's Administrative discharge board hearing.
      3) SSG Janet McDonald's age, current rank, address, phone number, and race.
      4) A copy of SSG McDonald's service record to include any and all promotions, awards, certificates and disciplinary issues.

f) Any and all documents relating to SSG Reaves misconduct based on his alleged abuse of illegal drugs to include:
      1) Transcripts or electronic recordings of SSG Reaves hearing in front of the Administrative discharge board.
      2) Any and all documents related to instructions given to board members during SSG Reaves Administrative discharge board hearing.
      3) A copy of SSG Reaves service record to include any and all promotions, awards, certificates and disciplinary issues.

g) Any and all documents related to military disciplinary records of Raymond Vezina former Adjutant General of Massachusetts Army National Guard.

h) Any and all documents related to military disciplinary records of Robert Jordan, former JAG, Legal Representative of SSG Reaves.

i) Any and all documents related to the National Guard Bureau Equal Opportunity complaint filed by SSG Mark Reaves against the Massachusetts Army National Guard.

j) Any and all documents related to the individuals assigned to Detachment 4 State Area Recruiting Command on or about October 15, 1996.

k) Any and all documents related to Army Regulation 15-6 investigation conducted March through May 2006 (SSG Reaves discharge review)

Dated: June 24, 2008

Respectfully submitted,

*[signature]*

Kiley D. Scott, Esq.
Tully Rinckey PLLC
441 New Karner Road
Albany, NY 12205
(518) 218-7100

## CERTIFICATE OF SERVICE

I, Kiley D. Scott, attorney for plaintiff in the instant matter, hereby certify that this document, filed through the Electronic Case Files system, will be, on this 26th day of June, 2008, sent electronically to the registered participant(s) as identified on the notice of Electronic Filing and mailed in paper copy form, by first class mail, postage prepaid, to those indicated non-registered participant(s).

*[signature]*
Kiley D. Scott, Esq.