UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-30125-MAP |
| | ) | |
| MASSACHUSETTS ARMY NATIONAL GUARD, RAYMOND VEZINA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
"MOTION FOR RECONSIDERATION"**

Defendants Massachusetts Army National Guard ("MAANG") and Raymond Vezina ("Vezina")[1] – by and through the Attorney General of the Commonwealth of Massachusetts, their counsel – oppose the *Motion for Reconsideration* (Dkt. No. 46) filed by plaintiff Mark Reaves.

As grounds for this opposition, MAANG and Vezina state the following:

1. This action arises out of events that took place more than a decade ago. See Plaintiff's Amended Complaint (Dkt. No. 35) (complaining of termination on November 6, 1997).

2. The action itself was commenced almost four years ago. See Docket (original complaint entered July 1, 2004).

---

[1] The docket reflects that the amended complaint is against MAANG and Vezina. The docket lists the three other defendants as terminated.

3.       That plaintiff has presumably recently engaged his current counsel is not good reason to enlarge the time period. Plaintiff has had ample time to obtain counsel (literally, years and years) and does not suggest otherwise. Counsel steps in to plaintiff's own shoes and plaintiff has had four months to complete discovery.[2]

4.       It is not clear from plaintiff's motion for reconsideration exactly what it seeks. It may be seeking an enlargement only to serve the discovery demands that the motion for reconsideration states are attached to the motion, Motion, ¶ 4, but which are not attached to the motion or may still be seeking an enlargement until August 26, 2008, as the title of the previous motion indicates (Dkt. No. 45).[3] It is not clear whether plaintiff has committed himself to serving only the discovery (presumably, but not clearly, interrogatories and document requests) that he states is attached to the motion for reconsideration.

5.       The *Further Scheduling Order* (Dkt. No. 40) entered on February 28, 2008, schedules this action through trial. An enlargement until August 26, 2008, for non-expert discovery is not compatible with the deadlines for designation and disclosure of information regarding trial experts which are July 25, 2008, for plaintiff and August 22, 2008, for defendants. *Further Scheduling Order*, ¶¶ 2-3.

---

[2]       Indeed, the undersigned counsel for defendants met with plaintiff on March 25, 2008. Later, on April 30, 2008, the undersigned was contacted by an attorney in a Holyoke, Massachusetts firm on behalf of plaintiff who stated that he had met with the plaintiff on more than one occasion and might be retained. The undersigned was scheduled to meet with the attorney on May 8, 2008, until the attorney called the undersigned the day before and reported that plaintiff had "changed counsel."

[3]       Counsel did not confer with the undersigned before filing the motion for reconsideration. LR. 7.1(A)(2).

6.	The deadline for completing non-expert discovery under the *Further Scheduling Order*, ¶ 1, applies to all parties. There is no justification for enlarging that time period for plaintiff only to conduct discovery (which he has raced to propound but which is late since the deadline for discovery to be "completed" is tomorrow), which is what appears to be requested.

CONCLUSION

Wherefore, MAANG and Vezina respectfully request that the Court deny plaintiff's motion.

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

By:   */s/ James S. Whitcomb*_____
James S. Whitcomb
Assistant Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA  01103-1629
(413) 784-1240, ext. 113 (telephone no.)
(413) 784-1244 (facsimile no.)
DATED: June 26, 2008.    B.B.O. No. 557768

**CERTIFICATE OF SERVICE**

I, James S. Whitcomb, Assistant Attorney General, hereby certify that this document, filed through the Electronic Case Files system, will be, on this 26th day of June, 2008, sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing and mailed in paper copy form, by first class mail, postage prepaid, to those indicated non-registered participant(s).

*/s/ James S. Whitcomb*_____
James S. Whitcomb